**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4907**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

OLIVER JULIAN OUTAR,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, Senior
District Judge.  (2:08-cr-00032-PMD-1)

_____

Submitted:  March 31, 2011         Decided:  April 5, 2011

_____

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Russell W. Mace, III, THE MACE FIRM, Myrtle Beach, South
Carolina, for Appellant.  Alston Calhoun Badger, Jr., Assistant
United States Attorney, Charleston, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oliver Julian Outar appeals the sixty-three-month sentence imposed by the district court following a guilty plea to conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a), (b)(1)(B), 846 (2006). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court properly imposed an obstruction of justice enhancement under U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1 (2009), and whether it properly denied his request for a downward departure based on the safety valve provision, USSG § 5C1.2(a). Outar was informed of his right to file a pro se supplemental brief, but has not done so. The Government declined to file a brief. We affirm.

We review Outar's sentence using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Significant procedural errors include "'failing to calculate (or improperly calculating) the Guidelines range'" or "'failing to consider the § 3553(a) factors.'" United States v. Carter, 564 F.3d 325, 329 (4th Cir.

2

2009) (quoting Gall, 552 U.S. at 51.). We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Id.

We conclude that the district court properly found that Outar was subject to a two-level enhancement in his offense level because he obstructed justice by absconding from the United States after his arrest for the instant offense. Our review of the record leads us to conclude that the district court correctly found that Outar failed to establish that he had satisfied all of the requirements for application of the safety valve. Accordingly, we conclude that the district court properly calculated Outar's Guidelines range, and the within-Guidelines sentence that Outar received is substantively reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED